UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| WAYNE D. JONES, | : | |
| Plaintiff, | : | |
| | : | Civil No. 05-1349 (AET) |
| v. | : | |
| | : | **MEMORANDUM & ORDER** |
| RONEN NEUMAN, et al., | : | |
| Defendants. | : | |

THOMPSON, U.S.D.J.

## I. Introduction

This matter having come before the Court upon Plaintiff's "Motion for Relief from Order of Summary Judgment" and request for the "Clerk's Office to search their records to find Plaintiff's original response" to Defendants' Motion for Summary Judgment. The Court has decided this motion based upon the submissions of both parties and without oral argument pursuant to Fed. R. Civ. P. 78. For reasons stated below, Plaintiff's motion is denied.

## II. Background

Plaintiff Wayne D. Jones, a pro se, brought the above-captioned action pursuant to 42 U.S.C. § 1983 while incarcerated at the Monmouth County Correctional Institution in Freehold, New Jersey, complaining (1) that he was unlawfully assaulted by Defendants Resetar and Neuman while in police custody, (2) that Defendant Borough of Deal had committed a "gross dereliction of duty," and (3) that Defendant Deal Boro Municipal Court had "obstructed justice" through its rulings. On March 20, 2006, Defendants Deal Boro Municipal Court, Borough of Deal, and Brian Resetar filed a Motion for Summary Judgment [28], and on March 24, 2006,

Defendant Ronen Neuman filed a Motion for Summary Judgment [29].  Both motions were returnable on April 17, 2006.  Plaintiff failed to file his opposition brief and papers with the Clerk by April 3, 2006, as required by L. Civ. R. 7.1(d)(2).  The Court, in its letter of April 12, 2006 [30], ordered Plaintiff to file his opposition papers by April 21, 2006.  Plaintiff did not do so, and after reviewing the motions for summary judgment the Court entered summary judgment [32] in favor of Defendants Deal Boro Municipal Court, Borough of Deal, Brian Resetar and Ronen Neuman on July 12, 2006, and dismissed all of Plaintiff's claims.

On August 21, 2006, Plaintiff wrote to the Court [33] requesting information as to the status of his case.  On August 28, 2006, the Court responded in a letter [34] stating that "the Court entered an Order granting Defendants' summary judgment motions on July 13, 2006, thereby closing your case."  The Court also informed Plaintiff that if he desired to reopen the case, he was required to file a motion to vacate the July 13, 2006 Order, pursuant to Federal Rule of Civil Procedure 60(b).

This was the last correspondence with the Court until Plaintiff made various attempts to contact Magistrate Judge Bongiovanni, sending correspondence to her chambers in March, 2007.  The Clerk's Office returned these papers for failure to comply with the local rules.  Then on March 28, 2007, in his Motion "for Relief from Order of Summary Judgment" [38], Plaintiff informed the Court that he did file an opposition to Defendants' motions for summary judgment on June 27, 2006, but "incorrectly titled [it] to Judge Tonianne J. Bongiovanni; and the case number was shown as (1349 AEB) instead of (05-1349 (AET)."  Further, Plaintiff informed the Court that "on or about March 2006, Plaintiff's Brother, Gregory K. Jones, who lived at Plaintiff's Mother's house . . . did file with the post office a request to hold delivery of

[Gregory's] mail while he was out of state." Plaintiff claims the Post Office incorrectly withheld Plaintiff's mail, instead of, or in addition to, his brother's, preventing Plaintiff from receiving the Court's April 12, 2006 letter. Plaintiff states that he was informed of this error upon contacting the Clerk's Office on February 10, 2007, to inquire as to the status of his case.

Plaintiff requests that the final judgment be vacated and that the Court grant him leave to re-submit his opposition and/or amend his original response to Defendants' motions for summary judgment.

Defendants Borough of Deal and Brian Resetar acknowledge they received Plaintiff's June 27, 2006 opposition to Defendants' motions for summary judgment and inform the Court that "[a]ll defense counsel believed this to be plaintiff's opposition to the motion for summary judgment and, as such, various responsive letter briefs were filed on July 11 and 12, 2006." (Defs.' Opp'n to Pl.'s Mot. to Vacate at p. 4.) These briefs were not filed electronically on CMECF, but were apparently directed to Magistrate Judge Bongiovanni.

III. Analysis

The Court interprets Plaintiff's Motion for "Relief from Order of Summary Judgment" as a motion to vacate under Fed. R. Civ. P. 60(b), which states in pertinent part that "the court may relieve a party . . . from a final judgment . . . [for reasons of] mistake, inadvertence, surprise, or excusable neglect." See Pioneer Inv. Svcs., Inc. v. Brunswick Assocs. Ltd. P'ship., 507 U.S. 380, 393 (1993) (stating that failure to respond to a pleading is generally evaluated for Rule 60(b)(1) as a question of "excusable neglect").

Whether error is "excusable" is a question of equity. Pioneer, 507 U.S. at 395. The Court must consider the circumstances surrounding Plaintiff's omission that led to the judgment

from which relief is sought.  Id.  In the context of Rule 60(b)(1), these circumstances include (1) the danger of prejudice to the non-movant, (2) the length of delay and its potential impact on further proceedings, (3) the reason for the delay, including whether it was reasonably within the control of the movant, and (4) whether the movant acted in good faith.

    A. Reason for Delay

Here, Plaintiff claims that at some point in March 2006, the United States Post Office incorrectly stopped sending him his mail.  The Court notes that Plaintiff does not claim he did not receive Defendants' motions for summary judgment filed on March 20, 2006, and March 24, 2006.  Indeed, Plaintiff must have received these motions because he claims to have filed an opposition to them on June 27, 2006, albeit addressing it to the wrong Judge, with the wrong case number.   Plaintiff only claims not to have received the Court's April 12, 2006 letter that ordered Plaintiff to file his opposition papers by April 21, 2006.  Therefore, Plaintiff asks this Court to forgive his tardy and incorrectly filed opposition, and vacate the order of summary judgment to allow him to re-file and/or amend his opposition, because he was not in receipt of the Court's April 2006 letter.

Plaintiff has failed to adequately explain why his opposition was sent eighty-five days late. Whether Plaintiff received the Court's April 2006 letter or not, he is charged with knowing that an opposition was due. "Plaintiff, regardless of his pro se status, is bound by the same procedural rules as any party." See Blomeyer v. Levison, No. 02-8378, 2006 WL 463503, at *9 (E.D. Pa. Feb. 21, 2006).  Further, Plaintiff's prior requests for extensions demonstrate that he was aware that extensions could be sought and possibly granted (see Pl.'s Dec. 1, 2005 letter [24], requesting an extension of time to submit his Pretrial Memorandum), however, he elected

not to make such a request. As several courts have stated, "inattentiveness to litigation is not excusable" for the purposes of Rule 60(b). See Moore v. Cingular Wireless Corp., No. 06-1928, 2006 WL 3539224, at *2 (7th Cir. Dec. 8, 2006) (citing Easley v. Kirmsee, 382 F.3d 693, 698 (7th Cir. 2004)).

    B. Length of Delay

Beyond the eighty-five day delay in sending the opposition, Plaintiff caused additional delay in waiting eight months to file his motion to vacate. On August 21, 2006, Plaintiff wrote to the Court requesting information as to the status of his case, and one week later the Court responded in a detailed letter informing Plaintiff that judgment had been entered against him, and that he was required to submit a Rule 60(b) motion if he wished to vacate the judgment. Again, Plaintiff does not allege that he failed to receive this correspondence. Further, it is the practice of the Clerk of the Court to mail a paper copy of each court order, judgment, or filing of the Court to any party or attorney that has not consented to electronic service. If mail is returned to the Clerk's Office as undeliverable, the Clerk's Office places it in a file and notes the failed receipt on CMECF. The Court has found no evidence that its August letter was returned as undeliverable. Further, when receipt of pleadings is at issue, a rebuttable presumption of receipt arises upon a showing that the item was mailed. See In re Cendant Corp., 311 F.3d 298, 304 (3d Cir. 2002). Although denial of receipt may in some instances rebut this presumption, Id. at 304, Plaintiff makes no such denial. Further, Plaintiff provides no justification for this eight-month delay.

Because Plaintiff's motion to vacate comes eight-and-a-half months after judgment was entered against him, without justification, this delay weighs against the Court's vacating the

judgment, particularly in light of the explicit instructions the Court gave Plaintiff on how to make such a motion.

### C. Prejudice to the Defendants and Plaintiff's Good Faith

Defendants do not claim prejudice in their brief, however, granting Plaintiff relief from dismissal in this case would clearly result in further briefing, re-argument, and deny the Defendants the repose they have taken in the finality of the action against them.

Further, Plaintiff's good faith is in question here because throughout this action he has failed to abide by the rules of procedure. Plaintiff has continually sent correspondence directly to Judges' Chambers, although he has been frequently informed of the requirement that he send his filings directly to the Clerk's Office. Further, Plaintiff has missed filing deadlines, and has provided no excuse, beyond one instance of an alleged Post Office error for these lapses. Giving Plaintiff the benefit of the doubt as a pro se litigant, the Court concludes that Plaintiff did not act in bad faith, but he has failed to show he acted in good faith regarding his inability to be timely and obey the rules of procedure.

The Court concludes that Plaintiff has not met the standard under Rule 60(b) for this Court to relieve him from final judgment. Furthermore, in an excess of caution, the Court has reviewed Plaintiff's misdirected and tardy opposition and determined that it would have had no impact on the Court's grant of summary judgment in favor of Defendants. Plaintiff's claims that he was unlawfully assaulted by Defendants Resetar and Neuman while in police custody were refuted by his own sworn testimony before Judge Uhrmacher of the Superior Court of New Jersey. On January 4, 2006, Plaintiff pleaded guilty to resisting arrest and acting recklessly or purposely in an attempt to stop Defendants from arresting him. (Defs.' Mot. for Summ. J. Ex.

A.)  Plaintiff further admitted to assaulting both Defendants Resetar and Neuman, and waived any claim of self-defense, agreeing under oath that any force that Defendants Resetar and Neuman may have used against Plaintiff were an attempt by them to get Plaintiff under control. (Id. at 12:7-12, 13:1-9.)  The dismissal of Plaintiff's claims against Defendants Borough of Deal and Deal Boro Municipal Court had an equally firm basis in doctrines of immunity and 42 U.S.C. § 1983 jurisprudence.  (Defs.' Mot. for Summ. J. sections III-V.)  Plaintiff's three-page opposition failed to create any genuine issue of material fact.  Therefore, Plaintiff's motion is denied and this case shall remain closed.

### IV. Conclusion

For the foregoing reasons and for good cause shown,

It is on this 15th day of May, 2007,

**ORDERED** that Plaintiff's Motion to Vacate and Request to the "Clerk's Office to search their records to find Plaintiff's original response" [35]  is DENIED.

                                             s/Anne E. Thompson  
                                          ANNE E. THOMPSON, U.S.D.J.